Town of DUMMERSTON *vs.* Town of JAMAICA.

WINDHAM,
*February,*
1833.

In a warning under the Statute of 1801, to prevent a person from obtaining a settlement, it is not a fatal defect if the direction is in these words, " Hereof fail not, but of your doings hereon make due return," &c., omitting the words " of this precept with," &c.

When a warning issues against a man and his wife, it is sufficient to serve the same on the husband alone.

If the warning is against a person residing in a town therein named, the service is good if it is made on a person of that name in the town, if no evidence is given that more than one person of that name resided in the town.

This was an appeal taken by the town of Jamaica from an order of removal of a pauper, made by process before Justices, instituted by the town of Dummerston. It was tried in the County Court, April Term, 1832, upon the following case stated and agreed upon by the parties :

Oliver Taft and his wife Delia, (the said Delia being the pauper in question) having resided in the town of Jamaica until they gained a legal settlement, removed to Brattleborough, where they were warned in the manner shewn by the copy hereunto annexed, and after said warning, resided more than one year in said town of Brattleborough, and afterwards removed to the town of Dummerston, where they never gained any settlement, and where the said Oliver died, in 1829, and the said Delia remained until the order of removal.

[COPY.]

STATE OF VERMONT, ⎱ To either of the Constables of
*Windham County* ss. ⎰ Brattleboro' in said County,

GREETING.

You are hereby required to summons Oliver Taft and wife, now residing in said town, to depart said town.

Hereof fail not, but of your doings hereon due return make according to law. Given under our hands at Brattleborough, this 27th day of May, A. D. 1816.

REUBEN CHURCH, ⎱ *Selectmen.*
LEVI GOODENOUGH, ⎰

*Brattleboro', June 12th,* 1816.—I then served this summons by leaving in the hands of Oliver Taft, at his abode, a true and attested copy of the same, with my return thereon endorsed. Attest, DANIEL BLISS, *Constable.*

Received and recorded, June 12th, 1816, by
STEPHEN CREENLEAF, *Town Clerk.*

WINDHAM,
*February,*
1833.

Dummerston
*vs.*
Jamaica

Upon this case, the County Court decided in favor of Dummerston, that the said pauper was duly removed. To which decision the town of Jamaica excepted, and the case passed to the Supreme Court for revision.

After argument,

The opinion of the Court was pronounced by

WILLIAMS, J., after stating the facts. The pauper was settled in Jamaica, and was duly removed, unless she gained a settlement with her husband by her residence in Brattleborough. And this brings in question the validity of the warning set forth in the case.

In relation to warnings, a strict compliance with the provisions of the statute has always been required. If in the decisions which have been made on this subject, the Court at times have appeared to be almost hypercritical, it has resulted rather from the scanty provisions of the statute than from any desire to decide questions arising out of it by any rules different from those which are adopted in other cases. It has frequently been supposed that all which was necessary to render a warning void, was to find some departure from the letter of the statute in the warning, or proceedings thereon, however immaterial it might be. But this statute, like all others, must receive a rational construction, and when there has been a compliance with it, an immaterial and unintentional deviation from the letter of the statute ought not to vitiate the proceedings under it. The questions which have arisen and been decided under this statute, have principally been in relation to the service; and it will be found that in no case has the service of a warning been adjudged to be defective unless the same service would have been bad on a writ of summons.

In this case, objections have been taken to the warning, and the proceedings thereon. It is claimed that the warning is bad because it does not conclude in the words of the statute, " Hereof fail not, *but of this precept,*" &c. But we think the warning is good enough in this particular. In all the various forms of writs which are given in the statute, the conclusion is usually stated in the same words as in this statute; but in practice it has never been considered essential. The words "Hereof fail not," are frequently

omitted.  "Have you then there this writ," &c.—"Of this writ, with your doings herein," &c. are frequently the words made use of in this part of a writ.  It is only a command to the officer to make due return of his doings on the writ.

WINDHAM,
*February.*
1833.

Dummerston
*vs.*
Jamaica.

The warning in this case contained that command, and we do not consider there was any material departure from the statute in adopting the particular words made use of.

The return of the Constable has also been objected to. It is true there is no return as to the wife of Oliver Teft, named in the warning ; but if it was regularly served on him, it is sufficient.  It was not necessary to make a separate service or return as to her.  We think the return shows an exact compliance with the requirements of the statute. The teturn says, "served this summons by leaving in the hands of Teft.—A true and attested copy of the same, with my return thereon endorsed."  Leaving a copy in the hands of a defendant, is certainly the same as delivering such copy to him : and the words, " with my return thereon endorsed," cannot be tortured to mean any thing else than the return on the original process endorsed on the copy.

It requires no intendment or forced construction of the words, to bring this literally within the statute; but it will require a strong intendment & a violent perversion of the words to give to this return any meaning inconsistent with the idea of the officer's having particularly complied with the requirements of the statute.

There may be some question whether the constable should not have described the person named with more certainty, by saying ' the said,' or ' the within named Oliver Teft.'  This caused us some doubt at first ; but on reflection, we are convinced they are wholly without foundation.  The precept was to warn Oliver Teft, residing in Brattleborough.  It was served in Brattleborough, on Oliver Teft.  It is not to be intended or presumed there was more than one person of that name.  And there can be neither doubt nor uncertainty but what the person named in the precept was the person served therewith, unless evidence had been introduced to show that there was more than one person of that name residing in the town.

The objection taken that it does not appear that the warning, with the Constable's proceedings thereon, was returned to the Town Clerk of Brattleborough, and by him recorded, appears to us to be without any foundation.

It is made the duty of the Constable to return the precept to the Town Clerk, and it is made the duty of the Clerk to record the same. If the warning, together with the return thereon, are found in the Town Clerk's office, recorded in the book of records of the town, with the certificate of the Clerk of its being received for record, and recorded, it is all which can be required. This might have been shown, by bringing into Court the book of records, and it sufficiently appears by the certified copy of the record, which was read in evidence on the trial of the case. Indeed, the Clerk, Mr. Greenleaf, who certified the copy of record read in evidence, is the same person who received and recorded the original warning, and we cannot disregard the plain dictates of common sense by affecting to have any legal doubts whether Mr. Greenleaf, who received and recorded the warning, was Town Clerk of the town of Brattleborough.

The judgement of the County Court must be affirmed

*Bradley & Miller*, for Dummerston.

*Ransom*, for Jamaica.